IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-168-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| FREDERICK MASON, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion in limine to exclude evidence (DE # 24). The government responded in opposition in its response and moved in limine for order allowing the introduction of evidence of defendant's prior sexual abuse of children and status as a registered sex offender (DE # 28). In this posture, the issues raised are ripe for ruling. For the following reasons, the court denies defendant's motion in part, grants the government's motion in part, and reserves ruling on certain issues outlined herein.

**STATEMENT OF THE CASE**

Indictment was returned in this case on June 15, 2011, charging defendant with the transportation, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), (2), and (4)(B). The charges allege conduct that occurred from October 2009 to June 2010.

On January 19, 2012, the government informed defendant's counsel of its intent to seek to introduce evidence of defendant's 1998 indecent liberties convictions, including testimony of the investigators and victims.[1] The government supplemented its letter on January 23, 2012, to clarify

---

[1] According to the government, the conduct leading to the 1998 convictions involved defendant's repeated and severe sexual abuse of two boys, ages ten and eleven, including engaging in fondling, oral sex, and anal sex with them. Defendant ultimately confessed to the crimes. (Govt. Resp. 5-6.)

that the 1998 convictions relate to conduct that occurred between 1996 and 1997. The government also noticed its intent to introduce evidence of defendant's status as a registered sex offender.

Defendant filed in the instant motion on January 27, 2012, seeking an order precluding the government from introducing evidence on or about the 1998 convictions and evidence regarding defendant's registration obligations.

## DISCUSSION

A.  Rule 414

"In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and *may be considered for its bearing on any matter to which it is relevant.*" Fed. R. Evid. 414(a) (emphasis added). Thus, the "rule is an exception to the general rule that evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith.'" United States v. Kelly, 510 F.3d 433, 436–37 (4th Cir. 2007).

An "offense of child molestation" includes *inter alia* any conduct proscribed by chapter 110, title 18 of the U.S. Code; contact between the defendant and the genitals of child; or contact between the defendant's genitals and a child. Fed. R. Evid. 414(d). A "child" is defined as a person under the age of fourteen (14). Id.

The evidence proffered under Rule 414 is still subject to the balancing test of Rule 403 and should "be excluded if [the] probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403; see also Kelly, 510 F.3d at 437. In applying the balancing test the court should consider the following: (1) "the similarity between the previous offense and the charged crime"; (2) "the temporal proximity between the two crimes"; (3) "the frequency of the prior acts"; (4) "the presence or absence of intervening acts"; and (5) "the reliability of the evidence of the past

2

offense." Id. The Fourth Circuit has suggested that this analysis is a flexible one and the district court need not address and make findings as to each specific factor. Id. at n.3.

Based on the foregoing, the basic framework the court uses under Rule 414 asks first whether the charged conduct comprises an offense of child molestation as defined in Rule 414, and second whether the victims of the charged conduct are under the age of fourteen (14). The same questions are then applied to the prior conduct sought to be introduced. Lastly, the court engages in the 403 balancing test of weighing probative value and prejudice, using the Kelly factors outlined above.

As to the first questions regarding the charged and prior conduct, there appears to be no dispute among the parties that both the charged conduct and prior conduct *both* involve offenses of child molestation[2] and involve children under the age of fourteen (14).[3] Thus, the central analysis to be considered here is the Rule 403 balancing test of Kelly.

Defendant first argues that the prior conduct is dissimilar to the charged conduct. Upon review of the case law, the court disagrees. While the elements of the charged offenses (transportation, receipt, and possession of child pornography) are different from the elements of sexually assaulting two minor male children, the case law reveals that prior convictions for sexually assaulting minors are admissible under Rule 414 for charged conduct similar to that charged in this case. See, e.g., Kelly, 510 F.3d at 437 (past conviction for attempted rape of a child bore "striking" similarity to charged conduct of traveling in interstate commerce for the purpose of engaging in illicit

---

[2] As the government points out, Rule 414 identifies "any conduct proscribed by chapter 110 of title 18, United States Code" as constituting an offense of child molestation. The instant indictment charges crimes that fall under this chapter. The prior conduct constitutes an offense of child molestation as defined in Rule 414(d), subsections (3) and (4), involving contact between the defendant's body or an object and the genitals or anus of a child, and/or contact between the genitals or anus of the defendant and any part of the body of a child. Defendant offers no argument that the charged and prior conduct do not constitute offenses of child molestation as defined in the Rule.

[3] The charged conduct alleges transportation, receipt, and possession of child pornography involving pre-pubescent boys. Defendant does not contest that these individuals would be considered children under the age of fourteen under Rule 414. Likewise, the prior conduct involved two boys, ages ten and eleven. (Govt. Resp. 5.)

3

sexual conduct with a minor); United States v. Davis, 624 F.3d 508, 512 (2d Cir. 2010) (introduction of sodomy conviction at trial on charges related to possession and production of child pornography); United States v. Julian, 427 F.3d 471, 485-86 (7th Cir. 2005) (evidence of defendant's prior sexual assault of eleven (11) year old boy in trial for conspiracy to travel in foreign commerce with intent to engage in illicit sexual conduct); United States v. Reigle, 228 F. App'x 353, *3 (4th Cir. 2007) (admission of prior molestation in prosecution for conspiracy to traffic child pornography admissible under Rule 404(b)); United States v. Wellman, 2009 WL 159301 at *5 (S.D.W.Va. 2009) ("[T]hough possession of child pornography is different from sexual abuse of a child, each involves the exploitation of a child."). Additionally, the court notes that the charged conduct and prior crimes themselves have similar themes, namely defendant's interest in the sexual abuse of young boys.

Under the next Kelly factor, the temporal distance between the prior conviction and charged conduct, a distance of approximately thirteen (13) years, is significantly less than the 22-year distance between the prior crimes and conduct in Kelly, and is therefore not a factor weighing in favor of exclusion.

The last three Kelly factors, the frequency of the prior acts, the presence or absence of intervening acts, and the reliability of the evidence of the past offense, do not appear to be in dispute. The government contends that the prior acts of sexual abuse occurred frequently over the period of a year, and the court notes that defendant's past conviction is for ten counts of taking indecent liberties with a minor, suggesting repetitive conduct. As for the last two Kelly factors, defendant lodges no argument that these factors weigh in favor of excluding the prior convictions.

Defendant does however, rely on dicta from the Kelly opinion to suggest that the government's indication here that it might present "some combination of documentary evidence of the defendant's prior convictions and the testimony of his victims and/or investigators of his past

4

offenses" would be "inflammatory" and should be excluded. In Kelly, the Fourth Circuit found further justification in the admittance of a prior conviction under Rule 414 when the government only admitted the "official conviction record" and did not "elicit inflammatory testimony" about the defendant's prior conviction. Kelly, 510 F.3d at 437-38. The government argues that this evidence is highly reliable and therefore should be admitted.

Considering the balancing that Rule 403 requires, the court agrees with defendant that eliciting the testimony of the victims of defendant's prior convictions is too highly prejudicial and would constitute "inflammatory testimony" under Kelly. See Wellman, 2009 WL 159301 at *5. The official records of defendant's prior conviction will be admissible under Kelly, and the admittance of the same will be less time consuming than eliciting testimony. Whether the testimony of investigators involved in the prior conviction will be allowed is a determination the court will make at trial, where the Rule 403 balancing will be aided by the arguments of parties within the context of how the past convictions will be presented to the jury. Thus the court reserves ruling on whether investigators testifying about defendant's prior convictions will be permitted to testify.

Accordingly, based on the foregoing, the court finds that under Rule 414, evidence of defendant's 1998 convictions is admissible at trial.

B. Rule 404(b)

Out of an abundance of caution, the government makes alternative argument that the evidence of defendant's 1998 convictions is admissible under Rule 404(b). Rule 404(b) allows the admission of evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The proffered evidence is also subject to the balancing test of Rule 403 and may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

As set forth in the government's brief, case law from this circuit supports the conclusion that defendant's prior convictions for taking indecent liberties with a minor, specifically two boys under the age of fourteen (14), are admissible under 404(b). See United States v. Whorley, 550 F.3d 326, 337–38 (4th Cir. 2008) (upholding admission of prior conviction for receipt of child pornography under Rule 404(b) in prosecution for knowing receipt of child pornography because it showed lack of accident or mistake). While as explained above, the charged offenses and prior convictions are different crimes with different elements, there are elements of both crimes that are similar, namely the victimization of minor males. See also United States v. Sebolt, 460 F.3d 910, 916-17 (7th Cir. 2006) (holding prior instances of sexual misconduct with a child victim may establish defendant's sexual interest in children which is relevant motive in a prosecution for child exploitation); See Reigle, 228 F. App'x at 356 (admitting prior molestations under Rule 404(b) as proof of motive and identity in prosecution for child pornography and exploitation in which the victim of the pornography and molestation were the same parties). While the victims in the charged and past crimes were not the same person, there are sufficient similarities between them to suggest that the probative value outweighs the risk of any unfair prejudice. Specifically, the nature of the past crimes, the sexual assault of two male children under the age of fourteen (14), is probative of defendant's interest, intent, and knowledge in seeking out pornographic images displaying similar content of young males in engaged in sexually explicit acts, as well as the absence of mistake or accident.

Accordingly, the court finds that defendant's 1998 convictions are admissible under Rule 404(b) as well as Rule 414, albeit with the same restrictions on how the 1998 convictions are presented discussed previously herein.

C.   Status as Registered Sex Offender

Defendant also objects to the admissibility at trial of his status as a registered sex offender. Defendant points out that this classification is a status, not a prior bad act or crime to warrant inclusion under Rules 404(b) of 414. The government contends that the sex offender status is admissible under both of those rules, without offering much support for this argument. The court agrees with defendant that the classification as a sex offender is not a "bad act" contemplated by Rule 404(b). See United States v .Brewer, 1 F.3d 1430, 1435 (4th Cir. 1993) (expressing doubt whether testimony about occupation or status falls within the realm of other crimes, wrongs or acts under Rule 404(b)). Similarly, status as a sex offender is not a "crime," and therefore does not fit into the plain language of admissible evidence under Rule 414.

Having found that defendant's status as a sex offender is not admissible under Rules 404(b) or 414, the court considers whether the status is admissible under the general rule for relevance, Rule 401, which rule is tempered by the balancing against unfair prejudice in Rule 403. A review of the case law reveals that there is not much available authority on the admissibility of sex offender status at a trial on charges such as the ones at issue here. However, what limited case law there is suggests the status is admissible. See United States v. Nelson, 38 Fed. App'x. 386, 391 (9th Cir. 2002) ("The district court did not err in admitting evidence of Nelson's probation or parole status, his prior convictions and his enrollment in and the details of his sexual offender treatment program. All of these things supported the theory that Nelson was motivated by sexual desire attached to children and was relevant to the charges of receiving and possessing child pornography."); cf. United States v. Courtright, 632 F.3d 363, 367 (7th Cir. 2011) (noting in dicta that defendant conceded that his status as a sex offender was intertwined with the charges of production, possession, and receipt of child pornography and was admissible).

7

Even considering the case law cited above, the court is unconvinced at this juncture that defendant's status as a registered sex offender is being admitted to prove anything other than propensity to commit the instant offenses. Classification as a sex offender is not an element of the crimes charged, and the government does not contend that defendant committed a "bad act" with regard to his registration requirements, etc. While the status might be relevant to defendant's intent and knowledge with regard to the accumulation and sharing of pornographic images of children, the court finds that more is needed to outweigh the very prejudicial effect of such evidence. As such, the court reserves ruling on defendant's motion in limine to exclude his status as a registered sex offender, and will hear arguments from both sides as to the admissibility of the status in the context of trial.

## CONCLUSION

Based on the foregoing, defendant's motion to suppress (DE # 24) is DENIED in part. The government's motion in limine (DE # 28) is GRANTED in part. Evidence of defendant's 1998 convictions is admissible at trial under the parameters set forth herein. The court reserves ruling on the admissibility of defendant's status as a registered sex offender until trial.

SO ORDERED, this the 6th day of February, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 5:11-cr-00168-FL   Document 29   Filed 02/06/12   Page 8 of 8